**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1773**

ARCH INSURANCE COMPANY,

Plaintiff – Appellant,

and

STEADFAST INSURANCE COMPANY,

Plaintiff,

v.

BERKLEY NATIONAL INSURANCE COMPANY; STRIC-LAN COMPANIES,
LLC, a Louisiana Limited Liability Company,

Defendants – Appellees,

and

HG ENERGY, LLC, a West Virginia Limited Liability Company,

Defendant.

Appeal from the United States District Court for the Southern District of West Virginia at
Charleston.  Joseph R. Goodwin, District Judge.  (2:15-cv-09203)

Submitted:  November 2, 2020                          Decided:  April 13, 2021

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Richardson wrote the opinion, in which Judge Wilkinson and Judge Harris joined.

―――――――――

Robert L. Massie, Thomas M. Hancock, Megan Basham Davis, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Huntington, West Virginia; Laura E. Hayes, Don C.A. Parker, SPILMAN, THOMAS & BATTLE, PLLC, Charleston, West Virginia, for Appellant. John Andrew "Jack" Smith, Jason L. Holliday, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for Appellees.

RICHARDSON, Circuit Judge:

The district court granted summary judgment to Berkley National Insurance Company ("Berkley") and its insured, Stric-Lan Companies, LLC, finding that Arch Insurance Company had no right to indemnity for a settlement Arch made on behalf of its insured, HG Energy, LLC. Arch makes two arguments on appeal, either of which, if successful, would require us to vacate the district court's order. First, Arch argues that the district court should have ruled on the scope of an indemnification provision in an agreement between HG Energy and Stric-Lan. Second, Arch argues that the district court relied on the improper fault-apportionment statute in holding that Berkley did not have to indemnify HG Energy. Finding the district court applied the incorrect fault-apportionment statute and this error was not harmless, we vacate and remand.

## I.    Background

HG Energy operates oil and gas wells in West Virginia. Stric-Lan provides certain well-site services related to the exploration, development, and production of oil and natural gas. In 2012, HG Energy and Stric-Lan entered into a Master Service and Supply Agreement for Stric-Lan to provide those well-site services to HG Energy. This Master Agreement required Stric-Lan to procure insurance and name HG Energy as an "additional insured" under that insurance policy. The Master Agreement also contained defense and indemnity obligations for both HG Energy and Stric-Lan. To comply with the Master Agreement, Stric-Lan obtained insurance coverage from Berkley, naming HG Energy as an additional insured. HG Energy retained its own insurance through Steadfast Insurance Company and Arch.

3

This indemnification dispute stems from payments Arch made to settle a personal-injury lawsuit brought against HG Energy and Stric-Lan. Tyler Kunz, an employee of Stric-Lan, was severely injured by an explosion on an HG Energy work site. The explosion occurred when Kunz lit a cigarette next to an active natural gas well. Kunz sued both HG Energy and Stric-Lan, alleging that HG Energy was negligent for failing to provide him with a safe workplace and that Stric-Lan was liable under West Virginia's deliberate-intent statute. Under the Master Agreement and its associated insurance policy, HG Energy tendered the claim to Stric-Lan for defense and indemnification. Stric-Lan, in turn, passed the tender on to its insurer, Berkley. Both Stric-Lan and its insurer Berkley refused. As a result, Arch and Steadfast, HG Energy's primary insurance carriers, paid for the defense and settlement of the Kunz litigation. The defense cost Steadfast and Arch around $150,000 and the settlement required Arch to pay Kunz $5,000,000 and Steadfast to pay $1,000,000.

So Arch and Steadfast brought a declaratory judgment action against Berkley and Stric-Lan seeking a determination that (1) the Berkley insurance policy provided "additional insured" coverage for HG Energy in the Kunz action and (2) Berkley had to provide primary, non-contributory coverage for the defense and settlement of the Kunz action. *See Steadfast Ins. Co. v. Berkley Nat'l Ins. Co.*, 217 F. Supp. 3d 904, 909 (S.D. W. Va. 2016). The parties moved for summary judgment, and the district court granted in part and denied in part Arch and Steadfast's motion. *Id.* at 907. The court found that Stric-Lan and Berkley had to provide primary coverage, had a duty to defend, and had a duty to indemnify HG Energy, all of which were triggered by the Kunz litigation. *Id.* at 917. The

4

district court, however, noted that the parameters of coverage under the Berkley policy were "limited to those contained within the [Master Agreement]." *Id.* at 915. And under the Master Agreement, Berkley, as Stric-Lan's insurer, had to cover only "such claims, losses, damages, injuries, illnesses, or death [ ] caused by the negligence (of any degree), strict liability, or willful misconduct of [Stric-Lan]." *Id.* at 917 (quoting the Master Agreement).

The district court then granted Steadfast and Arch leave to file an amended complaint seeking civil damages. The amended complaint sought Steadfast and Arch's expenses in defending and resolving the Kunz litigation, including the settlement amounts. After the amended complaint was filed, Steadfast settled its claims with Stric-Lan and Berkley and was dismissed from the case. Arch, Berkley, and Stric-Lan then filed cross motions for summary judgment. Arch argued that Stric-Lan and Berkley were barred by the Master Agreement from challenging the reasonableness of the settlement and that, even if they were not barred, the settlement was reasonable. In response, Berkley and Stric-Lan argued that, under the Master Agreement, Stric-Lan was only liable for its own negligence and Berkley's obligations were limited to the liability of Stric-Lan. They also argued that, in the Kunz litigation, only Kunz and HG Energy's negligence were at issue when Arch settled the Kunz matter and the Master Agreement did not require Stric-Lan to indemnify HG Energy for HG Energy's own negligence.

The district court granted Stric-Lan and Berkley's motion and denied Arch's, noting that the indemnity clause in the Master Agreement "provides indemnity only for the amount of damage caused by the indemnitor's [Stric-Lan's] negligence, and not for

5

damages attributable to the indemnitee's [HG Energy's] negligence." *Arch Ins. Co. v. Berkley Nat'l Ins. Co.*, 399 F. Supp. 3d 571, 577 (S.D. W. Va. 2019) (quoting *Greer v. City of Phila.*, 795 A.2d 376, 381 (Pa. 2002)). Finding the settlement rested on HG Energy's negligence, not Stric-Lan's, the district court found that Arch had no right to indemnity from either Stric-Lan or Berkley. Arch timely noticed its appeal.

## II. Discussion

We review the district court's grant of summary judgment de novo. *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "The narrow questions before us on summary judgment are whether any genuine issues of material fact exist for the jury and, if not, whether the district court erred in applying the substantive law." *Id.* (quoting *Higgins*, 863 F.2d at 1166–67).

### A. Arch's breach-of-contract argument

Arch argues on appeal that the district court erred in failing to address its argument that ¶ V.D.5[1] of the Master Agreement entitles it to damages in the amount paid to settle the Kunz action. But Arch failed to raise this argument before the district court. So Arch waived this argument, and we will not address its merits.

---

[1] Paragraph V.D.5 states as follows:

> If a demand of defense and indemnity is made by the Company [HG Energy] but rejected by Contractor [Stric-Lan], then upon a determination that Contractor owed a duty of defense under this Agreement, Contractor shall be held liable for any amount paid by the settling party without a need for a judicial determination as to whether the Company had potential liability to the claimant or whether the settlement amount was reasonable.

J.A. 277.

6

"Absent exceptional circumstances, . . . we do not consider issues raised for the first time on appeal." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 242 (4th Cir. 2009) (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 603 (4th Cir. 2004)); *see also Agra, Gill & Duffus, Inc. v. Benson*, 920 F.2d 1173, 1176 (4th Cir. 1990) ("We will not accept on appeal theories that were not raised in the district court except under unusual circumstances that would result in a miscarriage of justice."). Appellate courts are "not [ ] considered a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time. Parties must be encouraged to 'give it everything they've got' at the trial level." *Tele-Commc'ns, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1233 (10th Cir. 1997) (citations omitted). "[I]f a party wishes to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." *In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014) (alteration in original) (quoting *Dallas Gas Partners, L.P. v. Prospect Energy Corp.*, 733 F.3d 148, 157 (5th Cir. 2013)).

Arch has not argued that exceptional circumstances justify our departure from the general rule. Instead, Arch insists that the argument was raised before the district court. Arch calls this Court's attention to a handful of documents where the text of ¶ V.D.5 appears. But each time ¶ V.D.5 is cited for the assertion that Stric-Lan and Berkley cannot challenge the reasonableness of the settlement.[2] In those documents, Arch argues that it

---

[2] *See* J.A. 324 (arguing Berkley and Stric-Lan cannot challenge the reasonableness of the settlement); J.A. 436 (same); ECF Dkt. No. 199 at 7–8 (Arch's Reply in Support of its Motion for Summary Judgment) (same); ECF Dkt. No. 139 at 11 (Arch's Response to (Continued)

has a right to recover the entire settlement amount from Berkley because Stric-Lan was at fault for Kunz's injuries. *See* J.A. 442 ("It is undisputed that Stric-Lan's negligence to at least some degree caused the accident in question."); ECF Dkt. No. 139 at 15 ("It is undisputed that Stric-Lan's negligence caused the accident."). But notably absent is the argument it tries to raise here: that because Stric-Lan rejected HG Energy's demand of defense and indemnity, Arch is entitled to indemnification. References in the record to ¶ V.D.5 in the context of a different argument will not remedy that absence. So Arch has waived this argument for vacating the grant of summary judgment.

## B.    West Virginia's fault-apportionment statutes

The district court based its finding that HG Energy had no right to indemnification from Stric-Lan on two independent grounds. First, the court explained that West Virginia recognizes only several liability under W. Va. Code Ann. § 55-7-13c(a),[3] making it impossible for Stric-Lan's negligence to be attributed to HG Energy in any theoretical judgment that could have been entered against HG Energy. *Arch Ins. Co.*, 399 F. Supp. 3d at 577. And only when Stric-Lan's negligence is attributable to HG Energy is HG Energy entitled to indemnification under the Master Agreement. *Id.* Second, because the only remaining claim in the Kunz litigation at the time of settlement was against HG Energy for

Defendants' Memorandum Following Status Conference) (same); J.A. 359 (using the language from ¶ V.D.5 without citing it and with no analysis of its implication); ECF Dkt. No. 100 at 18 (Arch's Response in Opposition to Berkley and Stric-Lan's Motion for Summary Judgment) (same).

[3] "In any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint." W. Va. Code § 55-7-13c(a).

its direct negligence, the settlement represented only damages stemming from HG Energy's negligence. *Id.* at 578. And under the Master Agreement, HG Energy cannot recover from Stric-Lan for its own negligence. *Id.* That Kunz was employed by Stric-Lan did not change the court's analysis, because any judgment would have been subject to a deduction for Kunz's comparative negligence under § 55-7-13c. *Id.* Finding the court's reasoning to be incorrect on both points and not plainly harmless, we vacate and remand.

First, the district court relied on the incorrect fault-apportionment statutes in the first prong of its analysis. In 2015, West Virginia repealed its joint-and-several liability statute, W. Va. Code Ann. § 55-7-24 (repealed 2015), and adopted a comparative-fault system, W. Va. Code §§ 55-7-13a to 55-7-13d. The joint-and-several liability statute allowed individual defendants to pay more than their share of the liability judgment. *See* W. Va. Code Ann. § 55-7-24 (repealed 2015). But absent concert of action, the new comparative-fault system allows a judge only to assess damages against a defendant according to their fault. *See* W. Va. Code § 55-7-15c.

Kunz's injury occurred in 2013. So, had the Kunz case not settled, the joint-and-several liability statute would have applied. That statute would have allowed HG Energy to be charged with Stric-Lan's negligence. *See* W. Va. Code Ann. § 55-7-24 (repealed 2015); *see also Sitzes v. Anchor Motor Freight, Inc.*, 289 S.E.2d 679, 701, 706 n.9 (W. Va. 1982). But the district court instead relied on the new comparative-fault statutes to find that HG Energy could not be charged with Stric-Lan's negligence, even if Stric-Lan had not been dismissed from the case. *See Arch Ins. Co.*, 399 F. Supp. 3d at 577. The district

9

court thus erred in relying on the comparative-fault statutes, and the parties acknowledge that error.

Berkley and Stric-Lan argue that any reference to the incorrect fault-apportionment statute was harmless because Arch had no right to indemnification for a separate reason: The settlement accounted for HG Energy's own negligence and therefore did not trigger the indemnification clause under the Master Agreement. We disagree. The Master Agreement requires Stric-Lan to indemnify HG Energy "against any and all claims, losses, damages, demands, causes of action, suits, judgments and liabilities . . . brought or asserted against [HG Energy]" so long as they result "from any claim of loss, damage, injury, illness, or death, . . . caused by the negligence (of any degree), strict liability, or willful misconduct of [Stric-Lan], regardless of whether [HG Energy] is negligent in part." J.A. 61. Thus, if Kunz's injury stemmed at all from Stric-Lan's negligence, and HG Energy is left to pay Kunz's damages, Stric-Lan must indemnify HG Energy for its percentage of fault. *See Arch Ins. Co.*, 399 F. Supp. 3d at 574–77.

The district court believed that it was relevant that the only claim remaining in the Kunz litigation at the time of the settlement was against HG Energy for its negligence. *Id.* at 578. But the Master Agreement does not condition indemnification on the presence of Stric-Lan in a lawsuit. Indemnification is conditioned on whether an action has been asserted against HG Energy, the basis of which is an injury caused *at least in part* by Stric-

10

Lan's negligence, strict liability, or willful misconduct. J.A. 61.[4] Here, Kunz asserted an action against HG Energy. And HG Energy contends that Kunz's injury stemmed in part from negligence or misconduct attributable to Stric-Lan. So HG Energy may seek contractual indemnification from Stric-Lan.

This contractual indemnification was not extinguished by HG Energy's settlement with Kunz. *See Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc.*, 774 S.E.2d 555, 557 (W. Va. 2015). Stric-Lan was statutorily immune from being sued by Kunz, so Stric-Lan was not present in that suit. And neither the settlement nor the proceedings there resolved whether Stric-Lan was contractually liable for indemnification under the Master Agreement. Even if a jury had found HG Energy liable as a result of its own negligence, that finding would not itself mean that negligence attributable to Stric-Lan did not cause, *at least in part*, the loss.[5] And, at least on this record, we cannot see how a private

---

[4] Stric-Lan's immunity from suit by Kunz does not change our analysis for such immunity was contemplated by the parties and contracted around in the Master Agreement. J.A. 61. (stating that Stric-Lan must indemnify personal-injury claims asserted against HG Energy that result from Stric-Lan's negligence "even though one or more members of [Stric-Lan] may be protected from direct suit by state workers' compensation laws").

[5] Generally only parties to the litigation can be jointly and severally liable and a defendant cannot argue the fault of an absent party as an "empty chair." *See Rowe v. Sisters of Pallottine Missionary Soc'y*, 560 S.E.2d 491, 500 (W. Va. 2001); *Small v. Jack B. Kelley, Inc.*, No. 1:10CV121, 2012 WL 4056745, at *3 (N.D. W. Va. Sept. 14, 2012). But the fault of non-parties can be determined for apportionment purposes when the "absent party's liability has been fully developed." *Modular Bldg. Consultants*, 774 S.E.2d at 566 (where the other party settled). We need not decide whether HG Energy *could* have sought to have a jury address Stric-Lan's negligence as an immune non-party. *Cf. Landis v. Hearthmark, LLC*, 750 S.E.2d 280, 290 (W. Va. 2013) (noting that for applying the comparative negligence rule an immune tortfeasor's negligence could be put before the jury). Nor need we address whether the jury's finding would bind Stric-Lan. The point is that HG Energy's (Continued)

11

settlement agreement between HG Energy and Kunz (to which Stric-Lan is not a party) could definitively determine what fault, if any, is attributable to Stric-Lan under the Master Agreement.  So Berkley has failed to prove that the district court's reliance on the incorrect fault-apportionment statute was harmless.

*     *     *

Arch raised two challenges to the district court's grant of summary judgment.  While the first is waived in this appeal, Arch's second argument requires that we vacate and remand for further proceedings.

VACATED AND REMANDED

---

actions in that litigation did not waive their contractual claim here.  The joint-and-several liability provision in § 55-7-24 "concerns the *collectability* of a judgment by a plaintiff." *Modular Bldg. Consultants*, 774 S.E.2d at 566.  That statutory provision does not change the availability of contractual indemnification between putative tortfeasors.